Electronically FILED by Superior Court of California, County of Los Angeles on 09/27/2022 05:35 PM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Clifton,Deputy Clerk
Case 2:22-cv-08468-DSF-SK Document 1-2 31 Filed 11/18/22 Page 1 of 22 Page ID #:28
Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Kristin Escalante

Peter A. Javanmardi (State Bar No. 258449)
peter@javanmardilaw.com
Marc A. Holmquist (State Bar No. 258406)
marc@holmquistlaw.com
Miranda A. Mossavar (State Bar No. 279251)
miranda@mossavarlaw.com
JAVANMARDI LAW, PC | HOLMQUIST LAW, PC
1875 Century Park East, Suite 1025
Los Angeles, CA 90067
Telephone:   (424) 286-4240
Facsimile:    (310) 564-0347

Attorneys for Plaintiff
JIM NICHOLAS JAMES

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES – CENTRAL DISTRICT

| | |
|---|---|
| JIM NICHOLAS JAMES, | Case Number:   22STCV31648 |
| Plaintiff, | [Unlimited Jurisdiction] |
| v. | **COMPLAINT FOR DAMAGES:** |
| TWENTIETH CENTURY FOX FILM CORPORATION; THE WALT DISNEY COMPANY; ABC SIGNATURE STUDIOS, INC.; and DOES 1 through 10, Inclusive, | 1. FEHA Employment Discrimination (Gov. Code §12940(a)); 2. Harassment in Violation of FEHA (Gov. Code §12940(j)); 3. FEHA Retaliation (Gov. Code §12940(h)); 4. FEHA Failure to Prevent/Remedy Discrimination or Retaliation (Gov. Code §12940(k)); 5. Wrongful Termination in Violation of Public Policy; 6. Retaliation (Lab. Code § 1102.5) 7. Defamation; and 8. Intentional Infliction of Emotional Distress. |
| Defendants. | **[JURY TRIAL DEMANDED]** |

///

///

///

///

**PLAINTIFF'S COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

Plaintiff JIM NICHOLAS JAMES, demanding a jury trial, brings this action against Defendants TWENTIETH CENTURY FOX FILM CORPORATION; THE WALT DISNEY COMPANY; ABC SIGNATURE STUDIOS, INC.; and DOES 1 through 10, for general, compensatory, punitive, and statutory damages, and costs and attorneys' fees resulting from Defendants' unlawful conduct, and as grounds therefore alleges as follows:

## **GENERAL ALLEGATIONS**

1. Plaintiff JIM NICHOLAS JAMES (hereafter "PLAINTIFF") was at all relevant times in this matter an adult male working for TWENTIETH CENTURY FOX FILM CORPORATION; WALT DISNEY COMPANY, LLC; ABC SIGNATURE STUDIOS, INC; (collectively, "DEFENDANT EMPLOYERS" or "Defendants") on various television and movie sets located in Los Angeles County in the State of California.

2. Plaintiff is informed and believes, and based thereon allege, that at all times relevant in this Complaint, Defendant TWENTIETH CENTURY FOX FILM CORPORATION (hereafter "FOX") is and was a corporation authorized to operate in the State of California with its headquarters and principal place of business located at 10201 W. Pico Blvd., Los Angeles, California 90035. FOX was Plaintiff's employer during the relevant time period.

3. Plaintiff is informed and believes, and based thereon allege, that at all times relevant in this Complaint, Defendant THE WALT DISNEY COMPANY (hereafter "DISNEY") is and was a corporation authorized to operate in the State of California with its headquarters and principal place of business located at 500 S. Buena Vista Street, Burbank, California, 91521. DISNEY was Plaintiff's employer during the relevant time period.

///

///

4.     Plaintiff is informed and believes, and based thereon allege, that at all times relevant in this Complaint, Defendant ABC SIGNATURE STUDIOS, INC., (hereafter "ABC") is and was a corporation authorized to operate in the State of California with its headquarters and principal place of business located at 500 S. Buena Vista Street, Mail Code 4242, Burbank, California 91521. ABC was Plaintiff's employer during the relevant time period.

5.     Plaintiff is ignorant of the true names and capacities of Defendants sued as DOES 1 through 10, inclusive, and therefore sues these Defendants by such fictitious names. Plaintiff will amend this Complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes and based thereon alleges that each of these fictitiously named Defendants is responsible in some manner for the occurrences herein alleged, and that Plaintiff's injuries as herein alleged were proximately caused by these Defendants.

6.     Plaintiff is informed and believes and based thereon alleges that, at all relevant times, each of the Defendants, whether named or fictitious, was the agent, employee or alter ego of each of the other Defendants, and in doing the things alleged to have been done in the Complaint, acted within the scope of such agency or employment, or ratified the acts of the other.

7.     Whenever and wherever reference is made in this Complaint to any act or failure to act by a defendant or co-defendant, such allegations and references shall also be deemed to mean the acts and/or failures to act by each defendant acting individually, jointly and severally.

8.     On information and belief, DEFENDANT EMPLOYERS employed at least five (5) employees at all relevant times and is therefore subject to the California Fair Employment and Housing Act, California Government Code section 12900, et seq. (hereafter "FEHA").

///

///

9.     Plaintiff is informed and believes and based thereon alleges that, at all times material herein, each Defendant, and/or their respective agents, employees or supervisors, authorized, condoned and/or ratified the unlawful conduct of each other.

10.    In addition, each Defendant compelled, coerced, aided, and abetted the discrimination, which is prohibited under California Government Code section 12940(i).

11.    Plaintiff is informed and believes and based thereon alleges that, at all times material herein, DEFENDANT EMPLOYERS and/or their agents, employees, or supervisors knew or reasonably should have known that unless they intervened to protect Plaintiff, and to adequately supervise, prohibit, control, regulate, discipline, and/or otherwise penalize the conduct of the employees of Defendants, employees perceived the conduct and omissions as being ratified and condoned.

## **FACTUAL ALLEGATIONS**

12.    Starting in or around November 2018, Plaintiff worked for DEFENDANT EMPLOYERS, as a freelance lighting technician for film, TV, and entertainment in Hollywood, California. As a freelancer in the entertainment industry, Plaintiff's status for work authorization from 2018 to present is that of an O-1 Visa.

13.    Plaintiff worked for DEFENDANT EMPLOYERS in Los Angeles County and surrounding areas from approximately November 2018 until February 6, 2021, on multiple productions without issue.

14.    Starting on or about February 6, 2021, and through February 7, 2021, Plaintiff worked on an ABC production entitled, Rebel.  On February 8, 2021, Plaintiff received his hiring documents, including a I-9 verification.  Plaintiff completed and submitted this paperwork timely on February 9, 2021.  The following day, DEFENDANT EMPLOYERS requested copies of Plaintiff's passport, social security card, and California Driver's license for I-9 verification.  That same afternoon, Plaintiff received a telephone call from ABC's assistant production coordinator, Talia Fliegelman, who stated that she had spoken with both ABC and Disney and was informed that neither were

4

allowed to employ Plaintiff.  Plaintiff, surprised given that he had been employed by both entities in the same capacity since 2019, called Fliegelman to inquire what the issue was. Fliegelman stated that Plaintiff needed an I-94 and I-79 (Plaintiff corrected her, explaining that she actually meant an I-797B).  Plaintiff emailed her the requested documents and waited to hear back.

15.     Eventually, ABC responded by telling Plaintiff that they would not timely pay him because his O-1 petition was "not Disney approved." The following day, Ms. Fliegelman sent an email to all heads of department for Rebel on t the Disney and ABC team reflecting, that the companies "***can absolutely NOT hire any crew working under an 0-1 Visa.***"

16.     Plaintiff was shocked, felt discriminated against, and proceeded to involve his union (IATSE Local 728 'Local 728') for assistance. After a significant amount of unnecessary back and forth over the course of a three-week period, DEFENDANT EMPLOYERS eventually paid Plaintiff for work on Rebel and allowed him to continue working on his full-time production of This Is Us: Season 5 (which is made by Fox and owned by Disney) however they threatened him with job loss on a daily basis.  Further, rather than apologize for putting Plaintiff through the unnerving experience of being threatened with job loss day in and day out for three weeks, DEFENDANT EMPLOYERS fabricated a narrative that Fox had been attempting to obtain a copy of Plaintiff's immigration paperwork since October 2020 using a Defendant-created untitled internal checklist, that is not legally accurate or appropriate to determine employment eligibility in-house. Further, even after he returned to work, Plaintiff was informed by representatives of DEFENDANT EMPLOYERS that he had been "flagged" and needed to again present his O-1 petition.

17.     Thereafter, on or about March 10, 2021, DEFENDANT EMPLOYERS wrongfully terminated Plaintiff's employment by erroneously stating that his O-1 petition only entitled him to work as a gaffer (head of lighting), not as a set lighting technician.

This is factually incorrect as both job classifications fall under Local 728 and members can work from job to job.

18.     On or about March 11, 2021, Plaintiff filed a formal Step Two Union grievance, and a union meeting was scheduled for June 3, 2021.  Unfortunately, this meeting continued to be rescheduled while DEFENDANT EMPLOYERS left Plaintiff without employment. Further, DEFENDANT EMPLOYERS took the erroneous position that Plaintiff's first visa petition (valid from 2018 through May 2021) did not permit him to work while simultaneously stating that the renewal of that same visa (from May 2021 to May 2024) was fine.  DEFENDANT EMPLOYERS reneged on this position in January of 2022 stating that Plaintiff was once again unable to work for Plaintiff, even though they assisted with providing documentation that he required as supporting evidence of his future employability.

19.     After months of back-and-forth, and at the direction of Plaintiff's immigration attorney, DEFENDANT EMPLOYERS agreed to a Zoom meeting in February 2022 to discuss Plaintiff's employment eligibility – though DEFENDANT EMPLOYERS specifically requested – one hour before the meeting- that Plaintiff *not* attend the meeting.  During this Zoom meeting, DEFENDANT EMPLOYERS admitted that they had made a "mistake" and had "mis-read" a portion of Plaintiff's visa.  However, rather than offering to provide him with backpay, reimbursement for his immigration attorneys' fees, and/or other damages for the near year he had been out of work, DEFENDANT EMPLOYERS merely offered him the opportunity to return to "This is Us" – a show ending production in May 2022.  However, no one from DEFENDANT EMPLOYERS ever actually contacted Plaintiff or his immigration counsel, nor his union, Local 728, following this meeting to discuss the option to return to "This is Us."

20.     To date, DEFENDANT EMPLOYERS have not offered to compensate Plaintiff for the time and money lost or the emotional distress he has suffered over the last year.  Even worse, Plaintiff is informed and believes that DEFENDANT EMPLOYERS have continued to "red-flag" his name in their internal employee database

which discredits Plaintiff and prevents him from obtaining work with any of the multiple companies DEFENDANT EMPLOYERS own.  DEFENDANT EMPLOYERS' illegal actions have not only caused emotional distress and monetary loss but have also discredited Plaintiff's name and reputation in this very small industry.

21.    Plaintiff inquired with FOX, ABC, HULU, and DISNEY about other job opportunities for which he was qualified and could be considered. (The actual occurrence of events is that Plaintiff has worked a single day on productions for DEFENDANT EMPLOYERS but was always denied days being initial day of employment because of his work authorization) On information and belief, despite such jobs being available, DEFENDANT EMPLOYERS did not permit Plaintiff to work after he submitted start paperwork and instead continued to "red-flag" Plaintiff in their systems.

22.    Plaintiff is informed and believes and based thereon alleges that at minimum DEFENDANT EMPLOYERS made defamatory statements about him with malice, to others throughout the organization including but not limited to each other, others in management, others in Human Resources, and others in the legal department, along with his own colleagues who are his direct point of contact for offers of work. These included, but were not necessarily limited to, statements and/or insinuations that Plaintiff was illegally attempting to work in the United States. DEFENDANT EMPLOYERS did this for the purpose of establishing a basis to terminate Plaintiff based on illegal reasons; i.e. for pretextual reasons and out of malice.  All of the statements and actions at issue were false, malicious, discriminatory, retaliatory and/or pretextual. Plaintiff is also informed and believes that DEFENDANT EMPLOYERS have published to third parties defamatory statements about Plaintiff.

23.    On information and belief, DEFENDANT EMPLOYERS' defamatory statements about Plaintiff were published to various third parties at various times and places unknown to Plaintiffs but known to DEFENDANT EMPLOYERS. (*See Schessler v. Keck* (1954) 125 Cal.App.2d 827, 835 [matters peculiarly within the knowledge of the defendants may properly be alleged upon information and belief].)

24.     All such communications to third parties (i.e., parties who are not the plaintiff) constitutes publication. (*Kelly v. General Telephone Co.* (1982) 136 Cal.App.3d 278, 284.) DEFENDANT EMPLOYERS did so maliciously, with no reasonable belief that the statements were true, with reasons to doubt the veracity of the statements, or knowing they were false. All of the foregoing defamatory statements were published excessively; i.e., to more third parties than needed to know, which further evidences malice. (*Rancho La Costa, Inc. v. Sup. Ct.* (1980) 106 Cal.App.3d 646, 665-6.)

25.     Plaintiff is informed and believes and based thereon alleges that DEFENDANT EMPLOYERS did not conduct a good faith investigation into the purported reasons for Plaintiff's termination before terminating his employment, refusing to re-hire him, and "red-flagging" Plaintiff in their systems. Plaintiff is informed and believes and based thereon alleges that DEFENDANT EMPLOYERS failed to follow their policies and procedures in carrying out the termination of Plaintiff's employment.

26.     On or about September 26, 2022, Plaintiff exhausted his administrative remedies by timely filing a Complaint of Discrimination with the DFEH regarding the claims alleged herein against Defendants. Per Plaintiff's request, an immediate right-to-sue letter was issued on September 26, 2022.

## FIRST CAUSE OF ACTION

**(Employment Discrimination Pursuant to Government Code § 12940(a),**

**Against DEFENDANT EMPLOYERS and Does 1 through 10)**

27.     Plaintiff re-alleges and incorporates all previous and subsequent paragraphs of this Complaint, as though fully set forth herein.

28.     California's Anti-Discrimination laws extend to immigrants, including undocumented immigrants. Cal. Code Regs. tit. 2 § 11028. On July 1, 2018, new regulations from California's Fair Employment and Housing Council ("FEHC") clarified that discrimination based on immigration status is prohibited under Fair Employment and Housing Act ("FEHA"). Cal. Code Regs. tit. 2 § 11028. In particular, through the 2018

PLAINTIFF'S COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

regulations, the FEHC sought to make clear that immigration status discrimination is a subset of discrimination based on national origin.

29.     Under Government Code section 12940(a), it is an unlawful employment practice for an employer to refuse to hire or employ a person, or to discriminate against a person in the terms, conditions, or privileges of employment on the basis of, among other things, due to their national origin.  The 2018 regulations explicitly state that under FEHA the "national origin" protected category encompasses an employee's immigration status. Cal. Code Regs. tit. 2 § 11028(f)(3). An employer who discriminates against an employee or applicant due to immigration status, must demonstrate by "clear and convincing evidence" that such discrimination is "required in order to comply with federal immigration law." *Id*. Additionally, citizenship requirements that are a pretext for discrimination or serve the purpose of discriminating against employees or applicants on the basis of national origin or ancestry are unlawful. Cal. Code Regs. tit. 2 § 11028(h).

30.     At all times mentioned in this Complaint, DEFENDANT EMPLOYERS regularly employed five or more persons, bringing them within the provisions of FEHA, which prohibits employers or their agents from, among other things, discriminating against employees based on the employee's national origin.

31.     Plaintiff was subjected to discrimination in the workplace. Plaintiff is informed and believes that said discrimination was based on his national origin and immigration status. Plaintiff is informed and believes and based thereon alleges that DEFENDANT EMPLOYERS did not want to employ individuals from other countries and/or those with O-1 Agency visas.

32.     As a direct, foreseeable, and proximate result of DEFENDANT EMPLOYERS' discriminatory acts, Plaintiff has suffered and continues to suffer injuries, substantial losses in earnings and job benefits, as well as humiliation, embarrassment, mental and emotional distress, and discomfort, all to Plaintiff's damage in an amount over the minimum jurisdiction of this Court, the precise amount of which will be proven

at trial. Plaintiff claims such amount as damages together with pre-judgment interest pursuant to Civil Code section 3287 and/or any other provision of law providing for pre-judgment interest.

33.   As a further proximate result of DEFENDANT EMPLOYERS' conduct described in this Complaint, Plaintiff has incurred and will continue to incur medical expenses in an amount according to proof at the time of trial.

34.   As a result of the aforesaid acts of DEFENDANT EMPLOYERS, Plaintiff claims general damages for mental and emotional distress and aggravation in an amount to be proven at the time of trial.

35.   In doing the acts herein alleged, DEFENDANT EMPLOYERS, through their officers, directors, and/or managing agents, acted with oppression, fraud, malice, and in the conscious disregard of the rights of Plaintiff; therefore, Plaintiff is also entitled to punitive damages in an amount according to proof at the time of trial.

36.   Plaintiff, who has incurred and continue to incur attorneys' fees and legal expenses, is also entitled to recover said costs and fees in an amount according to proof at the time of trial, pursuant to Government Code section 12965(b).

## SECOND CAUSE OF ACTION

### (Harassment, Pursuant to Government Code § 12940(j),

### Against DEFENDANT EMPLOYERS, and Does 1 through 10)

37.   Plaintiff re-alleges and incorporates all previous and subsequent paragraphs of this Complaint, as though fully set forth herein.

38.   Under Government Code section 12940(j), it is unlawful for an employer or individual to harass an employee based on, among other things, the employee's national origin and/or immigration status.

///

///

///

39.     DEFENDANT EMPLOYERS, and each of them, engaged in actions to harass Plaintiff, an employee from another country, working with an O-1 Visa because of his national origin/immigration status. Defendants, and each of them, violated Government Code section 12940(j) by creating a hostile work environment and by failing to prevent said acts from occurring. DEFENDANT EMPLOYERS terminated Plaintiff's employment after he complained of said acts and sought assistance from his Union.

40.     Threats of deportation or derogatory comments about immigration status or mockery of an accent or language may constitute harassment under FEHA. Cal. Code Regs. tit. 2 § 11028(j). Even a single threat of deportation, derogatory comment or incident of mockery may give rise to an unlawful hostile work environment under the act. *Id.*

41.     DEFENDANT EMPLOYERS' managing agents consistently harassed Plaintiff throughout his employment, including by  repeatedly, publicly, questioning his right legally work for DEFENDANT EMPLOYERS, failing to timely pay Plaintiff claiming that his O-1 petition was not employer approved, and by making comments like [we] "***can absolutely NOT hire any crew working under an 0-1 Visa***"; repeatedly requesting documents to verify his immigration status (despite having employed him without issue for years prior) and arbitrarily terminating his employment based on a false narrative that he was ineligible to work.

42.     The conduct was carried out, authorized, and/or ratified by Plaintiff's managers and other officers, directors and/or managing agents of DEFENDANT EMPLOYERS; therefore, DEFENDANT EMPLOYERS are strictly liable for the conduct. Alternatively, the actions were known by DEFENDANT EMPLOYERS' officers, directors and/or managing agents yet nothing was done to prevent it. In either event, DEFENDANT EMPLOYERS are liable for the conduct because the harassers were managers and/or because DEFENDANT EMPLOYERS knew or should have known of the conduct and failed to prevent it and/or ratified and/or condoned it.

///

43.     Plaintiff believes that his national origin and/or immigration status were the cause of the unwanted harassing conduct described above. The actions were sufficiently severe or pervasive to alter the conditions of employment and thereby constituted a hostile work environment in violation of FEHA.

44.     As a direct, foreseeable, and proximate result of DEFENDANT EMPLOYERS' actions, Plaintiff has suffered and continues to suffer injuries, aggravation, medical expenses, substantial losses in earnings and job benefits, humiliation, embarrassment, mental and emotional distress, and discomfort, all to Plaintiff's damage in an amount over the minimum jurisdiction of this Court, the precise amount of which will be proven at trial.

45.     In doing the acts herein alleged, DEFENDANT EMPLOYERS, through their officers, directors, and/or managing agents, acted with oppression, fraud, malice, and in the conscious disregard of the rights of Plaintiff; therefore, Plaintiff is also entitled to punitive damages in an amount according to proof at the time of trial.

46.     Plaintiff, who has incurred and continues to incur attorneys' fees and legal expenses, is also entitled to recover said costs and fees in an amount according to proof at the time of trial, pursuant to Government Code section 12965(b).

## THIRD CAUSE OF ACTION

**(Retaliation Pursuant to Government Code § 12940(h), Against DEFENDANT EMPLOYERS and Does 1 through 10**

47.     Plaintiff re-alleges and incorporates all previous and subsequent paragraphs of this Complaint, as though fully set forth herein.

48.     Under Government Code section 12940(h), it is an unlawful employment practice for an employer to discriminate against any person because the person has engaged in protected activities under FEHA.

///

///

49.     Plaintiff is informed and believes and thereon alleges that his engaging in protected activities was a substantial, motivating, and determining factor in the decision to terminate his employment as herein alleged, including his multiple complaints to DEFENDANT EMPLOYERS about illegal treatment including but not limited to, challenging DEFENDANT EMPLOYERS' actions by involving the union. Plaintiff also resisted his own termination, questioning DEFENDANTS' reason for what Plaintiff believed to be a wrongful termination based on illegal reasons. In response, DEFENDANTS refused to consider Plaintiff for other positions within the company for which he was qualified though such positions existed. In lieu of undoing the termination or considering Plaintiff for another position, Plaintiff is informed and believes DEFENDANT EMPLOYERS instead took steps to prevent Plaintiff from obtaining future work with DEFENDANT EMPLOYERS by "flagging" Plaintiff's profile as ineligible for hire in DEFENDANT EMPLOYERS' systems.  The wrongful conduct of DEFENDANT EMPLOYERS constitutes an unlawful, retaliatory employment practice in violation of Government Code section 12940(h).

50.     As a proximate result of DEFENDANT EMPLOYERS' actions, Plaintiff has suffered and continues to suffer substantial losses in earnings and job benefits, humiliation, embarrassment, mental and emotional distress, and discomfort, all to Plaintiff's damage in an amount over the minimum jurisdiction of this Court, the precise amount of which will be proven at trial. Plaintiff claims such amount as damages together with pre-judgment interest pursuant to Civil Code section 3287 and/or any other provision of law providing for pre-judgment interest.

51.     In doing the acts herein alleged, DEFENDANT EMPLOYERS, through their managing agents, acted with oppression, fraud, malice, and in the conscious disregard of the rights of Plaintiff; therefore, Plaintiff is also entitled to punitive damages in an amount according to proof at the time of trial.

///

///

PLAINTIFF'S COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

52.     Plaintiff, who has incurred and continues to incur attorneys' fees and legal expenses, is also entitled to recover said costs and fees in an amount according to proof at the time of trial, pursuant to Government Code section 12965(b).

## FOURTH CAUSE OF ACTION

**(Failure to Prevent Discrimination, Retaliation, and Harassment, Pursuant to Government Code § 12940(k), Against DEFENDANT EMPLOYERS and Does 1 through 10)**

53.     Plaintiff re-alleges and incorporates all previous and subsequent paragraphs of this Complaint, as though fully set forth herein.

54.     During Plaintiff's employment, DEFENDANT EMPLOYERS failed to prevent the above-referenced acts of discrimination, retaliation, and harassment towards Plaintiff, in violation of Government Code section 12940(k). DEFENDANT EMPLOYERS failure to undertake a prompt and adequate investigation and its complete failure to prevent the above-alleged acts of discrimination, retaliation, and harassment constitutes an unlawful employment practice. Such conduct is in violation of FEHA and has resulted in damage and injury to Plaintiff as alleged herein.

55.     As a proximate result of DEFENDANT EMPLOYERS' violation of Government Code section 12940(k), Plaintiff has suffered and continues to suffer injuries, aggravation, medical expenses, substantial losses in earnings and job benefits, humiliation, embarrassment, mental and emotional distress, and discomfort, all to Plaintiff's damage in an amount over the minimum jurisdiction of this Court, the precise amount of which will be proven at trial. Plaintiff claims such amount as damages together with pre-judgment interest pursuant to Civil Code section 3287 and/or any other provision of law providing for pre-judgment interest.

///

///

///

56.     In doing the acts herein alleged, DEFENDANT EMPLOYERS, through their officers, directors, and/or managing agents, acted with oppression, fraud, malice, and in the conscious disregard of the rights of Plaintiff; therefore, Plaintiff is also entitled to punitive damages in an amount according to proof at the time of trial.

57.     Plaintiff, who has incurred and continues to incur attorneys' fees and legal expenses, is entitled to recover said costs and fees in an amount according to proof at the time of trial, pursuant to Government Code section 12965(b).

## FIFTH CAUSE OF ACTION

### (Wrongful Termination in Violation of Public Policy Against DEFENDANT EMPLOYERS and Does 1 through 10)

58.     Plaintiff re-alleges and incorporates all previous and subsequent paragraphs of this Complaint, as though fully set forth herein.

59.     The above-described conduct of DEFENDANT EMPLOYERS constitutes discrimination, harassment, and wrongful termination of Plaintiff in violation of public policy embodied in FEHA, codified at California Government Code sections 12900–12996, California Labor Code sections 1102.5, 1171.5, as well as the California Constitution.

60.     As a proximate result of DEFENDANT EMPLOYERS' actions, Plaintiff has suffered and continues to suffer injuries, substantial losses in earnings and job benefits, humiliation, embarrassment, mental and emotional distress, and discomfort, all to Plaintiff's damage in an amount over this Court's jurisdictional minimum, to be proven at trial.

61.     As a further proximate result of DEFENDANT EMPLOYERS' conduct described in this Complaint, Plaintiff has incurred and will continue to incur medical expenses in an amount according to proof at the time of trial.

///

///

62.    In doing the acts herein alleged, including but not limited to wrongful termination of Plaintiff's employment, DEFENDANT EMPLOYERS, through their officers, directors, and/or managing agents, acted with oppression, fraud, and/or malice, and in the conscious disregard of the rights of Plaintiff; therefore, Plaintiff is also entitled to punitive damages in an amount according to proof at the time of trial.

63.    Plaintiff seeks attorneys' fees for lost wages under this cause of action under Labor Code section 218.5. As a further result of the wrongful conduct of DEFENDANT EMPLOYERS, Plaintiff is also entitled to attorneys' fees and costs pursuant to California Code of Civil Procedure section 1021.5.

## SIXTH CAUSE OF ACTION

### (Retaliation in Violation of Labor Code § 1102.5,

### Against DEFENDANT EMPLOYERS, and Does 1 through 10)

64.    Plaintiff re-alleges and incorporates all previous and subsequent paragraphs of this Complaint, as though fully set forth herein.

65.    Under California Labor Code section 1102.5, it is unlawful for an employer to retaliate against an employee for disclosing, or threatening to disclose, information to a person with authority over the employee or to a governmental agency if the employee has reasonable cause to believe that the information discloses a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation, regardless of whether disclosing the information is part of the employee's job duties.

66.    Under California Labor Code section 1171.5(a) all protections, rights, and remedies under state law – except any reinstatement remedy prohibited by federal law– are available to all individuals regardless of immigration status who have applied for employment, or who are or who have been employed in this state. Under section (b) for purposes of enforcing state labor and employment laws, a person's immigration status is irrelevant to the issue of liability and in proceedings or discovery undertaken to

16

enforce those state laws no inquiry shall be permitted into a person's immigration status except where the person seeking to make this inquiry has shown by clear and convincing evidence that the inquiry is necessary in order to comply with federal immigration law.

67.     Here, Plaintiff complained on numerous occasions about the misconduct he was being subjected to on the basis of his national origin and/or immigration status. Plaintiff also complained about potentially illegal practices that were taking place at work with respect to DEFENDANT EMPLOYERS' immigration practices, including but not limited failing to pay Plaintiff for time worked, repeatedly harassing Plaintiff for immigration documents that were in DEFENDANT EMPLOYERS' possession; and illegal terminating Plaintiff from jobs on the basis of his immigration status.

68.     By retaliating against Plaintiff for his reporting this conduct, DEFENDANT EMPLOYERS have caused Plaintiff to suffer damages, including, but not limited to, injuries, aggravation, medical expenses, substantial losses in earnings and job benefits, humiliation, embarrassment, mental and emotional distress, and discomfort, all to Plaintiff's damage in an amount over this Court's jurisdictional minimum, to be proven at trial.

69.     Pursuant to California Labor Code section 1102.5(f), in addition to other available penalties, an employer that is a corporation is liable for a penalty not exceeding ten thousand dollars for each violation of these sections.

70.     In doing the acts herein alleged, DEFENDANT EMPLOYERS, through their officers, directors, and/or managing agents, acted with oppression, fraud, malice, and in the conscious disregard of the rights of Plaintiff; therefore, Plaintiff is also entitled to punitive damages in an amount according to proof at the time of trial.

## SEVENTH CAUSE OF ACTION

### (Defamation Against DEFENDANT EMPLOYERS, and Does 1 through 10)

71.     Plaintiff re-alleges and incorporates all previous and subsequent paragraphs of this Complaint, as though fully set forth herein.

17

72.     Plaintiff is informed and believes that DEFENDANT EMPLOYERS, by the herein described acts, conspired to, and in fact did, negligently, recklessly, maliciously, and intentionally cause internal and external publications of defamation, of and concerning Plaintiff to third persons and to the community.

73.     Plaintiff is informed and believes and based thereon alleges that at minimum DEFENDANT EMPLOYERS made defamatory statements about him, with malice, to others throughout the organization including but not limited to each other, others in management, others in Human Resources, and others in the legal department. These included, but were not necessarily limited to, statements and/or insinuations that Plaintiff was not legally permitted to work for DEFENDANT EMPLOYERS.

74.     DEFENDANT EMPLOYERS did this for the purpose of establishing a basis to terminate Plaintiff based on illegal reasons; i.e. for pretexual reasons and out of malice.

75.     Plaintiff is also informed and believes that DEFENDANT EMPLOYERS have published to third parties defamatory statements about Plaintiff.

76.     While the precise dates of each publication are not known, Plaintiff is informed and believes that they occurred between February 2021 and the present day.

77.     All of the statements at issue were false, malicious, discriminatory, retaliatory and/or pretextual.

78.     DEFENDANT EMPLOYERS published such statements maliciously, with no reasonable belief that the statements were true, with reasons to doubt the veracity of the statements, or knowing they were false.

79.     All of the defamatory statements were published excessively; i.e., to more third parties than needed to know, which further evidences malice. (*Rancho La Costa, Inc. v. Sup. Ct.* (1980) 106 Cal.App.3d 646, 665-6.)

80.     The defamatory publications consisted of oral and written, knowingly false and unprivileged communications tending to injure Plaintiff and Plaintiff's personal, business, and professional reputation, including Plaintiff's own compelled self-publication of the defamatory statements to members of the community as well as to

prospective employers. These publications included the above false and defamatory statements (in violation of Civil Code §§ 45, 45a and 46(1)(3)(5)).

81.    Plaintiff is informed, believes and fears that these false and defamatory per se statements will continue to be published by DEFENDANT EMPLOYERS and will be foreseeably republished by their recipients, all to the ongoing harm and injury to Plaintiff's business, professional, and personal reputations. Plaintiff also seeks redress in this action for all foreseeable republications, including Plaintiff's own compelled self-publication of these defamatory statements.

82.    The above defamatory statements were understood as assertions of fact, and not as opinion. Further, the defamatory meaning of all of the above-described false and defamatory statements and their reference to Plaintiff, were understood by these above-referenced third person recipients and other members of the community who are known to all Defendants but unknown to Plaintiff at this time.

83.    Each of these false defamatory per se publications (as set forth above) were negligently, recklessly, and intentionally published in a manner equaling malice and abuse of any alleged conditional privilege (which Plaintiff denies existed), since the publications, and each of them, were made with hatred, ill will, and an intent to vex, harass, annoy, and injure Plaintiff in order to justify the illegal and cruel actions of DEFENDANT EMPLOYERS, and each of them, to cause further damage to Plaintiff's professional and personal reputation, and to cause his employment to be terminated.

84.    As a proximate result of the publication and republication of these defamatory statements by DEFENDANT EMPLOYERS, Plaintiff has suffered injury to Plaintiff's personal, business and professional reputation including suffering embarrassment, humiliation, severe emotional distress, shunning, anguish, fear, loss of employment, and employability, and significant economic loss in the form of lost wages and future earnings, all to Plaintiff's economic, emotional, and general damage in an amount according to proof.

///

PLAINTIFF'S COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

85.     DEFENDANT EMPLOYERS committed the acts alleged herein recklessly, maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Plaintiff, for an improper and evil motive amounting to malice (as described above), and which abused and/or prevented the existence of any conditional privilege, which in fact did not exist, and with a reckless and conscious disregard of Plaintiff's rights. All actions of DEFENDANT EMPLOYERS, their agents and employees, herein alleged were known, ratified and approved by DEFENDANT EMPLOYERS, and each of them. Plaintiff is thus entitled to recover punitive and exemplary damages from Defendants for these wanton, obnoxious, and despicable acts in an amount based on the wealth and ability to pay according to proof at the time of trial. DEFENDANT EMPLOYERS' defamatory publications were a substantial factor in causing Plaintiff's harm. Plaintiff has been damaged in an amount in excess of the jurisdictional limits of this Court.

## EIGHTH CAUSE OF ACTION

### (Intentional Infliction of Emotional Distress Against DEFENDANT EMPLOYERS, and Does 1 through 10)

86.     Plaintiff re-alleges and incorporates all previous and subsequent paragraphs of this Complaint, as though fully set forth herein.

87.     The conduct of DEFENDANT EMPLOYERS, as set forth above, was so extreme and outrageous that it exceeded the boundaries of a decent society and lies outside the compensation bargain. Said conduct was intended to cause Plaintiff severe emotional distress or was done in conscious disregard of the probability of causing severe emotional distress. Said conduct was also in direct violation of California law public policy, specifically those found in FEHA, the California Labor Code, the California Constitution and the California Civil Code.

88.     As a proximate result of the wrongful conduct of DEFENDANT EMPLOYERS, Plaintiff has sustained substantial losses in earnings and other employment benefits in an amount according to proof at the time of trial.

20

89.    As a further proximate result of the wrongful conduct of DEFENDANT EMPLOYERS, Plaintiff has suffered and continues to suffer humiliation, embarrassment, severe emotional distress, and mental anguish, all to Plaintiff's damage in an amount according to proof at the time of trial.

90.    In doing the acts herein alleged, DEFENDANT EMPLOYERS, through their managing agents, acted with oppression, fraud, malice, and in the conscious disregard of the rights of Plaintiff; therefore, Plaintiff is also entitled to punitive damages in an amount according to proof at the time of trial.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff **JIM NICHOLAS JAMES** prays for judgment against Defendants **TWENTIETH-CENTURY FOX FILM CORPORATION; WALT DISNEY COMPANY, LLC; ABC SIGNATURE STUDIOS, INC;** and **DOES 1 through 10**, as follows:

1.  For past and present compensatory damages, according to proof;

2.  For pre and post-judgment interest at the legal rate;

3.  For exemplary and punitive damages according to proof;

4.  Injunctive, equitable and declaratory relief;

5.  Attorneys' fees and costs of suit; and

6.  For such other and further relief as the Court deems proper.

Dated:  September 26, 2022       JAVANMARDI LAW, PC | HOLMQUIST LAW, PC

Peter A. Javanmardi
Marc A. Holmquist
Miranda A. Mossavar
Attorneys for Plaintiff
JIM NICHOLAS JAMES

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury.


Dated:  September 26, 2022        JAVANMARDI LAW, PC | HOLMQUIST LAW, PC


Peter A. Javanmardi
Marc A. Holmquist
Miranda A. Mossavar
Attorneys for Plaintiff
JIM NICHOLAS JAMES

**PLAINTIFF'S COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**